79 F.3d 1153
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
MCI TELECOMMUNICATIONS CORPORATION, Plaintiff-Appellant,
v.
SOUTHWEST CERTIFIED PUBLISHING, INC., a/k/a Neighborhood
Periodical, et al. Defendant-Appellee.
 Nos. 94-15901, 94-16283.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 16, 1995.
Decided March 19, 1996.
 
 Before: NORRIS, BEEZER and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 We agree with the district court and hold that, under Arizona law, a new corporation will not be liable for its predecessor's debts unless the new corporation pays inadequate consideration for the old corporation's assets. A.R. Teeters & Assoc. v. Eastman Kodak, 836 P.2d 1034, 1039 (Ariz.App.1992). Our holding is not affected by Carpenters Health & Welfare Trust v. Sanders because Sanders concerns the interpretation of successor liability under federal law, not Arizona law. 781 P.2d 594, 596 (Ariz.1989).
 
 
 3
 The key issue, therefore, is whether the $300 Certified Distribution Corporation (CDC) paid for Southwest Certified Publishing's (Southwest's) physical property constituted adequate consideration for Southwest's tangible and intangible assets. MCI contends that the district court did not properly value Southwest's intangible assets. We disagree and therefore affirm.
 
 
 4
 The district court's conclusion that CDC owed Southwest nothing for Gary Wennerstrom's knowledge is correct. Any other result would have imposed a severe restraint on Wennerstrom's ability to seek new employment. See Amex Distributing Co. v. Mascari, 724 P.2d 596, 602 (Ariz.App.1986) (restrictive covenants which tend to prevent an employee from pursuing a similar vocation after termination of employment are disfavored).
 
 
 5
 We have also examined the district court's decision not to attribute any good will or "going concern" value to Southwest. We conclude that the district court's finding does not constitute clear error given that Southwest's primary revenue-generating asset was Wennerstrom's know-how.
 
 
 6
 Finally, MCI argues that the district court abused its discretion when it awarded attorneys fees to CDC. On inspection, we find no merit to this claim.
 
 Affirmed
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3